*Frame,* for plaintiff in error.

—⟫⟫⟩◉◯◉◉⟨⟨⟨⟵

### PETER HENDRIXEN *vs.* JOHN HUEY.

A *repleader* awarded after verdict on an immaterial issue, though in favor of the party presenting the issue.

CASE on the statute for not satisfying a judgment. (*Dig.* 485.)

At the May term, 1833, the defendant recovered a verdict and judgment against the plaintiff and others in an action of trespass. (1 *Harr. Rep.* 145.) The verdict was rendered, as appeared from the continuance docket, on the 13th of May, 1833, and was taken in the usual form, viz: the jury find for the plaintiff, and assess damages at the sum of $525, *with six cents costs besides the costs expended.*" The entry on the judgment docket was in these words, " May 14th, 1833, judgment on verdict in favor of plaintiff for $525, with costs."

The declaration was as follows:

" In the Superior Court, May Term, 1837.

New Castle county, to wit:

John Huey was attached to answer Peter Hendrixen of a plea of trespass on the case. Whereupon the said Peter Hendrixen, by William H. Rogers, his attorney, complains, for that, whereas, the said John Huey heretofore, to wit, on the 14th day of May, A. D. 1833, at the May term, in the said year of the aforesaid Superior Court of the State of Delaware, then holden at New Castle, by the consideration and judgment of the said court, recovered against the said Peter Hendrixen, as well as against Levi Springer, James Delaplaine, Nehemiah Delaplaine, and Hicklin Gould, the sum of five hundred and twenty-five dollars, which in and by the said court, were then and there adjudged to the said John Huey for his damages which he had sustained by reason of certain trespasses then lately done by the said Peter Hendrixen, Levi Springer, James Delaplaine, Nehemiah Delaplaine, and Hicklin Gould, upon the lands and promises of the said John Huey, whereof the said Peter Hendrixen, Levi Springer, James Delaplaine, Nehemiah Delaplaine, and Hicklin

Gould were convicted, as by the record and proceedings thereof, remaining in the said court at New Castle aforesaid, more fully appears; of which said judgment and the whole sum thereby due, together with the interest thereon accrued, and the costs and charges of the said action of trespass, the said John Huey afterwards, to wit, on the 29th day of April, A. D. 1834, received satisfaction without any writ of execution being issued out of the aforesaid court upon the said judgment: nevertheless, the said John Huey, not regarding his duty nor the act of assembly in such case made and provided, did not cause such satisfaction to be entered on the record of the said judgment within sixty days after satisfaction received as aforesaid, or at any time hitherto, but wholly neglected and refused so to do, and still doth neglect and refuse, to wit, at the county aforesaid, contrary to the form of the act of assembly in such case made and provided; to the damage of the said Peter Hendrixen, of fifty dollars, and therefore he brings suit, &c."

W. H. Rogers, att'y. for plff.

The pleas were, " not guilty and the act of limitation."

The defendant's counsel objected to the judgment being read in evidence, on the ground of a variance, the judgment declared on being merely for damages $525, and the record offered being for damages *and costs.*

The question on this point was saved for the present; and the judgment read, subject to the opinion of the court on argument.

The plaintiff then proved a payment to Mr. Booth, the attorney of Huey, of the full amount of the damages and interest, on the 20th May, 1833. He further offered in evidence a bill of the costs, amounting to $298 37, with the receipt indorsed of C. D. Blaney, *the prothonotary* of this court, in full of the costs, dated April 29th 1834.

It was objected, 1st. That no evidence could be given of payment of costs, because there was no judgment for costs declared on; and 2d. That no proof could be given of such payment, unless to the party or his attorney.

*Rogers.*—It is the usual practice to pay the costs to the officers entitled to them and not to the plaintiff; or more generally to pay them all to the *prothonotary,* to be distributed by him. In this respect he is the agent of all the parties.

Mr. *Blaney* was sworn, subject, &c. " I received the bill of costs from the defendants. I afterwards paid a part of them to Huey, for the witnesses, on his presenting their order. The balance was distributed among, and paid to, the several officers, within a short time after I received them. With some of the officers I have current ac-

counts, and the payment to them was by a credit to their accounts. This is the usual custom, and I was authorized by the officers generally, to receive their costs in this manner.

Mr. *Bayard*, for defendant, moved a nonsuit, and contended, that as this was a penal action, the plaintiff was bound to show himself strictly within its provisions; that a payment of the costs to the prothonotary was not a payment to the party, such as would subject him to this action; that the debt in this case having been paid in May, 1833, this cause of action occurred six months thereafter, and was now barred by limitation; and that as the object of the law is to enable a defendant to obtain the entry of satisfaction if he desires it, and not to set a trap for plaintiffs, who incautiously let the six months elapse, a reasonable construction of the act would require a *demand* on the plaintiff to make such entry. Such construction would greatly extend the remedy under the act, by extending the limitation, which otherwise would run in three years and a half.

*Rogers,* contra.

*By the Court.*

We see nothing in the act of assembly which requires a demand. It enjoins a plain duty and gives a right of action for the failure to perform it. The other point depends on a question of fact, which we shall leave to the jury. When a judgment is paid to another person than the plaintiff, it must certainly be shown, in order to make him liable to this action, that such person was his agent either by previous appointment or subsequent ratification. The costs were paid in this case to Mr. Blaney, the prothonotary. As the mere officer of the court, a payment to him would not be a payment to the plaintiff, so as to subject him to an action for not satisfying the judgment. But if Mr. Blaney was Huey's agent for this purpose, a payment to him would have that effect, and such agency may be established by proof of either a previous authorization or command by Huey, or a subsequent recognition of him in that character, and ratification of his acts. There being evidence on this subject, we shall leave it the jury.

Nonsuit refused, and the plaintiff afterwards had a verdict.

Motion for leave to enter a nonsuit, on the reserved point.

Mr. *Bayard.*—The plaintiff must set forth every fact material to his cause of action; if he set forth more he must prove it, even though it be mere matter of inducement. *Randel* vs. *Wright,* 1 *Harr. Rep.* 34. The judgment was necessary to be stated; it was a judgment for $525, with six cents costs, *besides the costs expended;* the short entry of "judgment nisi" means this; and the amount of costs which

the party has twenty days to ascertain, when ascertained, becomes a part of the judgment. Yet the judgment declared on is merely for $525, and evidence admitted of a distinct sum, the costs. Such evidence was not admissible.

2d. The breach is too large. The plaintiff declares that he paid all the costs of the *action,* which means both the costs of plaintiff and defendant; and his breach is for not entering satisfaction for the payment of all these costs. Now, he was not bound to pay, nor we to enter satisfaction for the defendant's own costs, and it is immaterial whether the judgment is satisfied as to them or not.

*Rogers.*—Wherever a sum of money is due by judgment and *paid,* the plaintiff is bound to enter satisfaction of such judgment. The judgment is for the debt, which carries the costs; but there is no judgment for the costs. It cannot be, because there can be no judgment for an uncertain sum, and the costs are not ascertained at the entry of the judgment. The costs are collected by virtue of the judgment, but not as a part of it.

As to the breach being too wide, the word costs as here used, means only the plaintiff's costs; such costs as the defendant was bound to pay to him. This was the matter of the suit, and the expression must be restrained to it. Ambiguous words must be understood so as to sustain the verdict. *Salk.* 663; 1 *Barn. & Cress.* 297; 8 *Mod.* 240; *Gould's Plead.* 497; 1 *Chit. Plead.* 327; 2 *Com. Law Rep.* 443.

*Per Curiam.*

J. M. CLAYTON, *Chief Justice.*—Two motions have been argued. 1st. For a nonsuit on leave given, &c. 2d. In arrest of judgment, on the ground of immaterial issue. The decision of the latter supercedes the necessity of the other.

The narr. states a receipt of satisfaction of the judgment, interest, *costs and charges* of the action.

We are not able to perceive any ambiguity in this expression, or we would intend after verdict, that it meant the plaintiff's costs.

The costs and charges of the action are all the costs of the action, both of plaintiff and defendant; not the costs expended, to wit, plaintiff's costs.

The finding of the jury does not show beyond doubt, that they did not give damages for not satisfying the record as to the defendant's costs; which does not fall within the act, the defendant not being bound by that law, though he may be in conscience, to satisfy the record.

This is not a case defectively stated, or we should take it to be

cured by the verdict; but it is the statement of a case not embraced in the law. It does not appear beyond doubt but that satisfaction was entered for the judgment and plaintiff's costs, and that damages have been given for not satisfying the record as to the defendant's costs.

The judgment must be arrested, but the question is, what shall be done with the case? Is it a case for repleader; or is the party out of court?

Chitty lays it down, that a repleader shall not be allowed in favor of the party who makes the first default in pleading; but in a note the author suggests a *quere*, which we find to be well founded. The authorities for the position are 1 *Chitty Plead.* 649; 1 *Lord Ray'd.* 170; and *Doug'l.* 396, 747.

Then we are to inquire what effect our own constitution has on this question of the power to grant a repleader; and it seems to be the policy of our law to allow amendments at any time before judgment, in order to effect justice. *Const. Art.* 6, *Sec.* 16.

We have heard this case on the evidence, and the judgment is arrested, not because in point of fact the jury gave damages for the failure to satisfy the record as to the defendant's costs; but because the record shows that on the issue made up, (being immaterial as to this,) they might so have given damages. The verdict cannot stand on such an issue, and the judgment must be arrested; but the principles of justice require that the party shall not be turned out of court on this ground. It is true that this is a penal action, but it is a highly remedial one; affording a remedy for a civil wrong.

On the whole, we have determined in this case to arrest the judgment, and award a repleader; on the payment of costs by plaintiff, up to this time.

*Wm. H. Rogers*, for plaintiff.
*J. A. Bayard*, for defendant.